IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

MARCUS TERRELL JOHNSON,   *
                          *
    Plaintiff,            *
                          *
    v.                    *   CV 421-127
                          *
STATE OF GEORGIA,         *
OFFICE OF THE DISTRICT ATTORNEY, *
and JODY JNO-BABTISTE,    *
                          *
    Defendants.           *

**O R D E R**

Plaintiff Marcus Johnson filed this lawsuit while imprisoned at the Chatham County Detention Center. (Compl., Doc. No. 1, at 2.) Plaintiff is proceeding *pro se* and *in forma pauperis* ("IFP") in this case brought under 42 U.S.C. § 1983. (Doc. No. 6 (granting IFP status).) Because he is proceeding IFP, Plaintiff's pleadings must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984) (per curiam); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (per curiam); 28 U.S.C. § 1915A. A *pro se* litigant's pleadings are held to a more lenient standard than those drafted by an attorney, Erickson v. Pardus, 551 U.S. 89, 94 (2007), but the Court may dismiss the Complaint or any portion thereof if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or if it

seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). For the following reasons, Plaintiff's Complaint is dismissed for failing to state a claim.

## I. BACKGROUND

Plaintiff, a detained arrestee at the time of filing, complains of the circumstances surrounding his arrest on October 14, 2020. (See Doc. No. 1, at 4-5.) Plaintiff states that someone he references as "Tia" called the police because he was "verbally" attempting to remove her from his vehicle. (Id. at 5.) Upon arrival, the responding officer informed Plaintiff that there was an outstanding warrant for his arrest. (Id.) His friend, Sheena Sallen, tried to speak up for him to no avail, and in response the officer told Plaintiff that he and Sallen had missed a court date. Plaintiff states that he did not know about the court date and believes the warrant for his arrest to be fake. (Id.) He further complains that the District Attorney has denied him bond, even though no witness presented themselves at his court date. (Id.)

Plaintiff asks the Court to order the Defendants to do certain things, such as provide "certified copies of their requisite oaths of office" and to produce "all competent waivers" of his "right to due process of law pursuant to the Fifth Amendment." (Id.) He asks that the case against him be dismissed. (Id.) Importantly,

2

Plaintiff seeks monetary damages of $100,000.00 because he lost his job and he needs treatment for anxiety, travel money and gas to get home upon release, and a new phone. (Id.)

## II. LEGAL STANDARD

A complaint or any portion thereof may be dismissed if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. § 1915(e)(2)(B). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to

raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, courts afford a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson, 551 U.S. at 94; Haines v. Kerner, 404 U.S. 519, 520 (1972). However, this liberal construction does not mean that courts have a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### III. DISCUSSION

Plaintiff sued the State of Georgia, the Office of the District Attorney, and Jody Jno-Babtiste, a detective, in the present case. As a preliminary matter, Plaintiff's claims against the State of Georgia and the District Attorney's Office are

facially invalid. "[F]ederal courts lack jurisdiction to entertain claims that are barred by the Eleventh Amendment." McClendon v. Ga. Dep't of Cmty. Health, 261 F.3d 1252, 1256 (11th Cir. 2001). The Eleventh Amendment guarantees that states may not be sued by private persons in federal court unless the state waived its immunity, and the State of Georgia has not waived its sovereign immunity with respect to Section 1983 actions brought in federal court. See id.; O.C.G.A. § 50-21-23(b). Likewise, prosecutors are absolutely immune from liability for all actions taken while performing their function as an advocate for the government. Rowe v. City of Fort Lauderdale, 279 F.3d 1271, 1279 (11th Cir. 2002). This function includes, for example, preparation for the initiation of judicial proceedings and the filing of charging documents. See Kalina v. Fletcher, 522 U.S. 118, 129 (1997). Thus, claims against the State of Georgia and the District Attorney's Office must be dismissed.

As to Defendant Jno-Babtiste, Plaintiff does not make any direct accusation. He merely states, "Detective Jody Jno-Babtiste gave me the warrant which I believe is fake." (Doc. No. 1, at 5). Thus, it is unclear to the Court why he is suing this individual — whether it is because Defendant Jno-Babtiste was the responding officer who actually arrested Plaintiff or whether the detective actually applied for the supposedly "fake" warrant making him or her indirectly complicit in Plaintiff's arrest. In any event, to

the extent Plaintiff seeks money damages from Defendant Jno-Babtiste in an official capacity, the suit is barred by the Eleventh Amendment and such claims cannot proceed. See Kentucky v. Graham, 473 U.S. 159, 169 (1985); Free v. Granger, 887 F.2d 1552, 1557 (11th Cir. 1989); 28 U.S.C. § 1915(e)(2)(B).

To the extent Plaintiff sues Defendant Jno-Babtiste in an individual capacity, and in the unlikely scenario[1] that Defendant Jno-Babtiste was the responding officer making the arrest, the existence of probable cause at the time of arrest is an absolute bar to a subsequent constitutional challenge to the arrest. See Case v. Eslinger, 555 F.3d 1317, 1326-27 (11th Cir. 2009). Moreover, "[a]n arrest is objectively reasonable and there is probable cause where 'the facts and circumstances within the officer's knowledge, of which he or she has reasonably trustworthy information, would cause a prudent person to believe, under the circumstances shown, that the suspect has committed . . . an offense.'" Id. (quoting Williamson v. Mills, 65 F.3d 155, 158 (11th Cir. 1995)). An officer making an arrest pursuant to an apparently valid warrant need not "investigate independently every claim of innocence." Pickens v. Hollowell, 59 F.3d 1203, 1208 (11th Cir. 1995) (holding that an officer does not have a duty to correctly decide a statute of limitations issue before executing

---

[1] Defendant Jno-Babtiste is an alleged *detective*, and Plaintiff alleges that his arrest was made during a traffic stop. (Doc. No. 1, at 5.)

6

an otherwise facially valid search warrant) (citing Baker v. McCollan, 443 U.S. 137, 145 (1979))). The courts refrain from "indulg[ing] in unrealistic second-guessing" of officers at the scene. United States v. Sokolow, 490 U.S. 1, 11 (1989) (citation and internal quotation marks omitted). Thus, to the extent that Plaintiff attempts to bring a claim for false or invalid arrest, his claim fails because Plaintiff makes no viable or supported argument that the arrest warrant executed by Defendant Jno-Babtiste was facially specious.

Alternatively, to the extent Plaintiff intends to assert a malicious prosecution claim, thereby blaming Defendant Jno-Babtiste for a "fake" arrest warrant, his claim also fails. An essential element of a malicious prosecution claim is the termination of the criminal prosecution in the plaintiff's favor. Wallace v. Kato, 549 U.S. 384, 390 (2007). As of the date of filing the present suit, Plaintiff's case had not been resolved in his favor, and in fact he had been denied bond and was still awaiting indictment. (See Doc. No. 1 at 7.)

Ultimately, Plaintiff's allegations against Defendant Jno-Babtiste are conclusory and vague. In order to state a claim under section 1983, Plaintiff must plead facts demonstrating that culpable individuals (1) actually participated in the alleged constitutional violation, and that (2) there is a causal connection between the individual's actions and the alleged constitutional

violation. Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990). Plaintiff asserted none of these elements against Defendant Jno-Babtiste, and in fact failed to directly implicate him or her at all. Thus, his claims against Defendant Jno-Babtiste must be dismissed as well.

### IV. CONCLUSION

For the reasons explained above, Plaintiff has failed to raise any arguably viable claims in his pleading. Therefore, pursuant to 28 U.S.C. § 1915(e)(2)(B), **IT IS HEREBY ORDERED** that Plaintiff's Complaint (doc. no. 1) is **DISMISSED WITHOUT PREJUDICE**. The Clerk is **DIRECTED** to **CLOSE** this case.

**ORDER ENTERED** at Augusta, Georgia, this 2nd day of June, 2022.

_____
UNITED STATES DISTRICT JUDGE